UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTWANE CARLISLE,

                        Plaintiff,                    9:03-CV-0296
                                                                   (FJS/GHL)

     v.

GLEN GOORD, Commissioner; *et al.*,

                        Defendants.

APPEARANCES:                                               OF COUNSEL:

ANTWANE CARLISLE, 98-A-5948
Plaintiff, *Pro Se*
Auburn Correctional Facility
135 State Street
Auburn, NY 13021

HON. ELIOT L. SPITZER                         PATRICK F. MACRAE, ESQ.
Attorney General for the State of New York      Assistant Attorney General
Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## ORDER

       On April 6, 2005, a document entitled "Ex Parte Application for Expert Services" ("Application") was filed with the Clerk. Dkt. No. 61. The document apparently was signed by plaintiff on January 4, 2005. A telephone status conference previously had been scheduled for April 14, 2005. At that conference I directed, *inter alia*, that the defendants were to submit a letter-brief in response to the Application. The defendants did so that same day. Dkt. No. 63.

       Among other things, the defendants argue that the Application is procedurally defective because it is not in the form of a motion as required by Rule 7(b) of the Federal Rules of Civil

Procedure. It certainly does not comply with Rule 7.1(a) of this District's Local Rules of Practice. Nor did the plaintiff fulfill his obligations under Local Rule 7.1(b)(2). I could, under the circumstance, reject the Application. However, as a practical matter, and to preserve judicial economy, I find it appropriate to address the merits. On this basis I deny the Application.

For the reasons stated in the defendants' letter-brief, the three claimed bases for the application, *i.e.*, 21 U.S.C. § 848(q)(4)(B), 18 U.S.C. § 3006A, and Federal Rule of Evidence 706, are inapplicable. With respect to Rule 706, I also rely upon *Polanco v. Selsky*, Civ. No. 02-680, Dkt. No. 54 (N.D.N.Y. May 13, 2003) (Treece, M.J.).

During the April 14, 2005, telephone conference call a second issue arose, *i.e.* the date for filing dispositive motions, given the fact that on April 7, 2005 plaintiff filed a Notice of Appeal to the Second Circuit Court of Appeals (Dkt. No. 62) from a discovery order issued by Chief District Judge Frederick J. Scullin, Jr., on March 9, 2005. Dkt. No. 60. In my view it is a virtual certainty that the Court of Appeals will dismiss the appeal. However, upon reflection I find that it would be prudent to stay the date for filing dispositive motions until thirty (30) days after the Court of Appeals disposes of the appeal.

**ACCORDINGLY**, it is

**ORDERED**, that the Application (Dkt. No. 61) be and it is hereby **denied**; and it is further

**ORDERED**, that the date for filing dispositive motions is stayed **until thirty (30) days after the Second Circuit Court of Appeals disposes of plaintiff's appeal**.

Dated: April 22, 2005
       Syracuse, New York

*/s/ George H. Lowe*
George H. Lowe
United States Magistrate Judge