**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ANTWANE CARLISLE,**

                                    **Plaintiff,**


                    **v.**                                              **9:03-CV-296**
                                                                        **(FJS/GHL)**

**GLEN GOORD, Commissioner; THERESA**
**A. KNAPP-DAVID, Dir. Classification/**
**Movement; A. TOUSIGNANT, Nurse**
**Administrator; J. BOUYEA, Correction**
**Officer; and L. LECLAIRE, Deputy**
**Commissioner,**

                                    **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**ANTWANE CARLISLE**
**98-A-5948**
Auburn Correctional Facility
135 State Street
Box 618
Auburn, New York 13024-9000
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                          **PATRICK F. MACRAE, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorneys for Defendants

**SCULLIN, Senior Judge**

                    **MEMORANDUM-DECISION AND ORDER**

                                **I. INTRODUCTION**

        Currently before the Court are Magistrate Judge Lowe's July 13, 2006 Report-

Recommendation and Plaintiff's objections thereto.

## II. BACKGROUND

On September 12, 2002, Plaintiff was sentenced to 120 days of keeplock confinement after a disciplinary hearing at Attica Correctional Facility.  On November 6, 2002, Plaintiff was transferred to Upstate Correctional Facility, where Defendants converted his sentence to confinement in a Special Housing Unit ("SHU").

Plaintiff filed his civil rights complaint on March 11, 2003.  In that complaint, Plaintiff asserted three causes of action.  First, he alleged that Defendants Goord, LeClaire and Knapp-David violated his Fifth and/or Fourteenth Amendment rights to due process when they (a) knowingly or recklessly permitted him to be transferred to Upstate Correctional Facility on November 6, 2002, following the imposition of his disciplinary sentence at Attica Correctional Facility on September 12, 2002, and then (b) knowingly or recklessly enforced an unlawful "SHU conversion policy" that subjected him to SHU confinement at Upstate Correctional Facility.  Second, he contended that Defendant Tousignant violated his Eighth Amendment rights to be free from cruel and unusual punishment when she was deliberately indifferent to his serious medical needs.  Finally, he claimed that Defendant Bouyea violated his First, Fourth, Fifth and/or Fourteenth Amendment rights by unlawfully searching his cell without reasonable suspicion of the existence of contraband, by unlawfully confiscating fifty pages of his legal papers, which deprived him of his right to redress various violations, and by issuing him a false misbehavior report.

On July 13, 2006, Magistrate Judge Lowe issued a Report-Recommendation in which he

recommended that this Court grant Defendants' motion for summary judgment.  Plaintiff timely filed objections to this recommendation.


### III. DISCUSSION

**A.     Standard of review**

When a party objects to a magistrate judge's recommendations, a district court must review *de novo* those findings and recommendations.  *See* 28 U.S.C. § 636(b)(1); *Bester v. Dixion*, No. 9:03-CV-1041, 2007 WL 951558, *2 (N.D.N.Y. Mar. 27, 2007).  Once the court has completed its *de novo* review, it may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Under Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the initial burden of showing the absence of any genuine issue of material fact.  Once the moving party has met this burden, the nonmoving party must establish "specific facts showing there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).


**B.     Plaintiff's due process claim against Defendants Goord, LeClaire and Knapp-David**

The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  In the prison setting, to be afforded Due Process protection, a liberty interest "will be

generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (internal citations omitted).  Thus to prevail on a due process claim, an inmate must show that he has a liberty interest[1] and that the defendants violated either his substantive or procedural due process rights with respect to that interest.


### 1. Substantive due process claim

Assuming that the plaintiff has identified the constitutional right that the defendants have violated, to state a substantive due process claim, he must still show that the defendants' actions were wrongful even if the procedures they used to implement them were fair.  *See Smith v. Burge*, No. 9:03-CV-0955, 2006 WL 2805242, *8 (N.D.N.Y. Sept. 28, 2006) (citing *Zinernon*, 494 U.S. at 125).  In other words, he must show that the actions about which he complains are "'arbitrary, . . . conscience-shocking, . . . or oppressive in a constitutional sense, . . . [and] . . . not [merely] incorrect or ill-advised.'"  *Id.* (quoting *Lowrence v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994)).

Magistrate Judge Lowe found that there were two problems with Plaintiff's substantive due process claim.  First, Plaintiff had not presented any evidence to support his argument that SHU confinement at Upstate Correctional Facility was more restrictive than keeplock

---

[1] As Magistrate Judge Lowe noted in his Report-Recommendation, this Court has held that an inmate has no liberty interest in not having his sentence of keeplock confinement at one prison converted to a sentence of SHU confinement at another facility without receiving a hearing regarding the conversion.  *See* Report-Recommendation at 17 (citing *Chavis v. Kienert*, 03-CV-0039, 2005 WL 2452150, at *9-10 (N.D.N.Y. Sept. 30, 2005)) (other citation and footnote omitted).  Nonetheless, for purposes of discussion, the Court will assume that Plaintiff has stated a protectable liberty interest.

confinement.  *See* Report-Recommendation at 15.  Furthermore, Magistrate Judge Lowe concluded that Plaintiff's allegation that the conditions of confinement at Upstate Correctional Facility were more restrictive than those in keeplock confinement was not sufficient to create a dispute of fact because he had not presented any evidence that SHU's conditions of confinement were "so much more restrictive as to impose 'an atypical and significant hardship on the inmate.'" *See id.*  Finally, Magistrate Judge Lowe concluded that Plaintiff had not shown that Defendants' actions were arbitrary in the constitutional sense; in fact, Plaintiff's sentence appeared to be in accordance with the existing regulatory scheme.  *See id.*

Plaintiff objects to Magistrate Judge Lowe's conclusions, arguing, among other things, that he has a right to have the judgment from his disciplinary hearing, i.e., the sentence of keeplock confinement, instead of SHU confinement, enforced and that the jury should determine whether the conversion policy upon which Defendants rely to justify their actions, actually existed.  *See* Objections at 1-4.

Plaintiff's arguments are without merit.  Plaintiff has not produced any evidence that Defendants' conversion of his sentence was arbitrary, in the constitutional sense or otherwise. To the contrary, the record establishes that Defendants' conversion of his sentence was in accordance with N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6(a)(2), which allows prison officials to house an inmate "in a special housing unit . . . for confinement pursuant to a disposition of a disciplinary (Tier II) or superintendent's (Tier III) hearing . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6(a)(2).  Accordingly, the Court adopts Magistrate Judge Lowe's recommendation and dismisses Plaintiff's substantive due process claim.

### 2. *Plaintiff's procedural due process claim*

When reviewing a procedural due process claim, the court "'first asks whether there exists a liberty or property interest which has been interfered with by the State[;] [s]econd, [the court will determine] whether the procedures attendant upon that deprivation were constitutionally sufficient. . . .'" *Smith*, 2006 WL 2805242, at *9 (quoting *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

As the court noted in *Holmes v. Grant*, No. 03 Civ. 3426, 2006 WL 851753 (S.D.N.Y. Mar. 31, 2006), "it is 'firmly established that through its regulatory scheme, New York State has created a liberty interest in prisoners remaining free from disciplinary confinement,' *Ciaprazi*, 2005 WL 3531464, at *11 . . . ." *Id.* at *19.  However, a plaintiff "may only sustain a cause of action to vindicate the infringement of that liberty interest where he has been deprived of due process, *Ortiz*, 380 F.3d at 655." *Id.*

In *Holmes*, the defendants converted the inmate's keeplock sentence, which he was serving in one facility, to SHU confinement when they transferred him to Upstate Correctional Facility.  The plaintiff claimed that he was "entitled to *additional* due process before the keeplock sentence he received at the Sing Sing hearing [could] be properly converted into an SHU sentence, since SHU conditions entail harsher deprivations than keeplock." *Id.* at *18 (citation omitted).  The court disagreed, noting that the plaintiff was "afforded a full evidentiary hearing on the misconduct underlying the time spent in Sing Sing keeplock and Upstate SHU, [and he] cannot point to any regulation entitling him to an additional hearing prior to his transfer to Upstate . . . ." *Id.* at *19.  Therefore, the court concluded that the plaintiff could not "show that he ha[d] been deprived of a protected liberty interest without due process." *Id.* (citation

omitted).

This case is indistinguishable from *Holmes*. Plaintiff's initial keeplock confinement resulted from a disciplinary hearing, at which he was provided with all the due process to which he was entitled. There is absolutely no legal support for Plaintiff's assertion that he was entitled to a second disciplinary hearing prior to the conversion of his sentence after his transfer to Upstate Correctional Facility. Accordingly, the Court adopts Magistrate Judge Lowe's recommendation and dismisses Plaintiff's procedural due process claim.


**C.**      **Plaintiff's Eighth Amendment claim against Defendant Tousignant**

To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, a plaintiff must first show that he has a sufficiently serious medical need and, second, that the defendant acted with a "sufficiently culpable state of mind," i.e., that he was aware of an "excessive risk" to the plaintiff's health or safety and disregarded the risk. *Irby v. Frisnia*, 119 F. Supp. 2d 130, 132 (N.D.N.Y. 2000) (citations omitted).

A medical condition is "sufficiently serious" when it may cause "death, degeneration, or extreme pain." *Moody v. Pickles*, No. 9:03-CV-850, 2006 WL 2645124, *6 (N.D.N.Y. Sept. 13, 2006) (citations omitted). Although an asthma condition alone may not be serious enough to constitute a sufficient medical condition, an asthma attack, depending on its severity, may be sufficient. *See Scott v. DelSignore*, No. 02-CV-029F, 2005 WL 425473, *9 (W.D.N.Y. Feb. 18, 2005) (citing *Patterson v. Lilley*, 2003 WL 21507345, *3-4 (S.D.N.Y. June 30, 2003)); *Bost v.*

*Bockelmann*, No. 9:04-CV-0246, 2007 WL 527320, *9 (N.D.N.Y. Feb. 20, 2007) (citations omitted).

In his Report-Recommendation, Magistrate Judge Lowe found that no reasonable fact-finder could conclude that Plaintiff's asthma condition was serous enough to form the basis of an Eighth Amendment claim.  *See* Report-Recommendation at 21-22.  First, he noted that Plaintiff's medical records showed that he was not receiving treatment at the time that Defendants transferred him to Upstate Correctional Facility.  *See id.* at 21.  Additionally, Magistrate Judge Lowe concluded that, even if Plaintiff's asthma condition constituted a serious medical need, Plaintiff had not offered any evidence to support his claim that Defendant Tousignant was deliberately indifferent to that need.  *See id.* at 23.  Rather, Magistrate Judge Lowe found that, at best, the evidence showed that Plaintiff disagreed with Upstate Correctional Facility's medical staff about medical treatment that he required and that such a disagreement was insufficient to establish an Eighth Amendment claim.  *See id.*

Plaintiff objects to Magistrate Judge Lowe's findings, arguing that he has established that his asthmatic condition constitutes a serious medical need because he has been repeatedly hospitalized for this condition and Defendant Tousignant noted that the condition was chronic. *See* Objections at 6.  Plaintiff also asserts that his albuteral inhaler was not "outdated" but simply in need of a refill and that his medical records from Attica Correctional Facility would support his argument.  *See id.*  Plaintiff also disagrees with Magistrate Judge Lowe's finding that the term "no meds" written in his medical records when he was transferred to Upstate Correctional Facility indicates that he was not at that time taking any medication.  Rather, Plaintiff argues that this simply meant that Defendants had not given him any medication to take on his trip to

Upstate Correctional Facility and that, although the prescription may have expired, Plaintiff only needed to request a renewal. *See id.* at 7.

Plaintiff also claims that Defendant Tousignant was deliberately indifferent to his serous medical need and demonstrated gross negligence when she did not promptly respond to his complaint regarding the nursing staff at sick call. *See id.* at 9. Specifically, Plaintiff asserts that Defendant Tousignant should have taken corrective measures against her subordinates when they failed to provide him with, what Plaintiff argues, is medically necessary treatment, i.e., issuing him an albuteral inhaler, and that her failure to do so was reckless. *See id.* at 11.

Plaintiff has not offered any evidence, other than "unidentified medical records," to establish the severity of his asthma condition or whether he suffered from or the frequency with which he suffered from asthma attacks. Moreover, the record shows that, at the time of his transfer, Plaintiff was not receiving any treatment or medication for his asthma.

Alternatively, even if the Court were to assume that Plaintiff had demonstrated that his asthmatic condition was sufficiently severe, he would still have to show that Defendant Tousignant was deliberately indifferent to that condition. Plaintiff offers no evidence that Defendant Tousignant was aware that his asthma presented an "excessive risk" to his overall health or that she disregarded any such risk. Although Plaintiff obviously disagrees with the medical staff's assessment of the treatment he needed and/or received when they saw him at sick call, such a disagreement is insufficient to establish deliberate indifference. *See Shomo v. N.Y.S. Dep't of Corr. Servs.*, No. 9:04-CV-0910, 2007 WL 2580509, *12 (N.D.N.Y. Sept. 4, 2007) (holding that "a prisoner's disagreement with a DOCS employee regarding the treatment that he should properly receive is insufficient to state a claim under the Eighth Amendment" (footnote

-9-

omitted)).  Moreover, the staff did, in fact, address Plaintiff's complaints at sick call and treated his symptoms as they deemed necessary.  Finally, the Court notes that, in addition to the treatment Plaintiff received at sick call, he also received a response to his inhaler request from Defendant Tousignant, in which she indicated that she had reviewed the medical records and had determined that an inhaler was not medically necessary at that time.

Accordingly, because Plaintiff has failed to come forward with any evidence to support either prong of his Eighth Amendment deliberate indifference claim, the Court adopts Magistrate Judge Lowe's recommendation and grants Defendants' motion for summary judgment dismissing Plaintiff's Eighth Amendment claim.


**D.      Plaintiff's claim against Defendant Bouyea for searching his cell, seizing his legal papers and issuing him a misbehavior report**

With respect to Plaintiff's claim against Defendant Bouyea for searching his cell, Magistrate Judge Lowe noted that the Fourth Amendment's protection against unreasonable searches does not apply to a prison cell.  *See* Report-Recommendation at 28.  Therefore, although Defendants did not address this claim, Magistrate Judge Lowe dismissed it *sua sponte*.  *See id.*

Magistrate Judge Lowe also found that Plaintiff's complaint did not meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure because his "First Amendment denial-of-access-to-the-courts claim does not plead sufficient facts to give Defendants fair notice of what Plaintiff's claim is and the grounds upon which it rests."  *See id.* at 28-29.  Alternatively, Magistrate Judge Lowe found that Plaintiff had failed to provide any evidence about how Defendant Bouyea's conduct "alleged[ly] depriv[ed him] of legal materials

[and] actually caused him any harm." *See id.* at 30.

Finally, with regard to Plaintiff's allegation that Defendant Bouyea had issued a false misbehavior report against him, Magistrate Judge Lowe noted that, "in the absence of other aggravating factors, an inmate enjoys no constitutional right against the issuance of a false misbehavior report." *See id.* at 31 (footnote omitted).  Moreover, Magistrate Judge Lowe found that, based on the record, the misbehavior report was not false and there were no aggravating factors that might afford Plaintiff a right not to be issued that report.  *See id.*

Although Plaintiff states that he objects to Magistrate Judge Lowe's Report-Recommendation in its entirety, he does not offer any specific objection to Magistrate Judge Lowe's recommendation that the Court dismiss his claim against Defendant Bouyea.  Since Plaintiff does not offer any specific objections to these recommendations, the Court reviews them for clear error.  *See Gill v. Smith*, 283 F. Supp. 2d 763, 766 (N.D.N.Y. 2003) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)) (other citation omitted).  After reviewing Magistrate Judge Lowe's recommendations and the applicable law, the Court finds no error and, therefore, adopts his recommendation and grants Defendants' motion for summary judgment dismissing Plaintiff's third cause of action against Defendant Bouyea.

**E.      Plaintiff's request to stay consideration of Defendants' motion for summary judgment pending completion of further discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure**

Rule 56(f) of the Federal Rules of Civil Procedure provides that,

> [s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse

the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

As a preliminary matter, Magistrate Judge Lowe noted that, despite Plaintiff's claim that he had filed a Rule 56(f) motion on or about July 1, 2005, there was no indication on the docket that he had done so. *See* Report-Recommendation at 37. In addition, Magistrate Judge Lowe concluded that there were three problems with Plaintiff's attempt to show cause for a stay of Defendants' motion for summary judgment and a reopening of discovery under Rule 56(f). *See id.* at 38. First, Plaintiff did not offer any evidence that he either requested information from Defendants relevant to his three causes of action, or, if he did request such information, that Defendants wrongfully denied it to him. *See id.* at 38-39.

Second, Magistrate Judge Lowe questioned whether some of the information, notably the medical records from Attica Correctional Facility, that Plaintiff requested was relevant and that, if it were relevant, whether it would create an issue of fact as to whether Plaintiff was suffering from a severe medical condition while at Upstate Correctional Facility. *See id.* at 39-40. Finally, Magistrate Judge Lowe noted that it was unclear whether Plaintiff had previously raised the current discovery issues in his previous motions to compel discovery, which this Court resolved in its March 9, 2005 Order. *See id.* For all of these reasons, Magistrate Judge Lowe recommended that this Court deny Plaintiff's request to stay consideration of Defendants' summary judgment motion.

Plaintiff objects to Magistrate Judge Lowe's finding that he did not file a response to Defendants' summary judgment motion, arguing that he mailed his response, in the form of a

Rule 56(f) motion, to both the Court and Defendants in July 2005.  *See* Objections at 12-13.[2]

Plaintiff also objects to Magistrate Judge Lowe's finding that the Court had previously resolved his discovery requests.  Rather, he contends that his current request for additional discovery relates to new matters, specifically his medical treatment prior to his arrival at Upstate Correctional Facility and the disciplinary records that relate to his due process claim.  *See id.* at 11-12.  Finally, Plaintiff contends that Defendant Tousignant had access to the requested medical records and could have easily provided these records to him.  *See id.* at 12.

Although, as noted, there is nothing on the Court's Docket to indicate that Plaintiff filed a Rule 56(f) motion in July 2005, he did attach a copy of such a motion to his papers in opposition to Defendants' summary judgment motion.  *See* Dkt. No. 72.  Therefore, the Court has reviewed Plaintiff's "Rule 56(f) motion."  After carefully reviewing this request, the Court finds that there is no evidence that Plaintiff previously requested the information that he seeks from Defendants or that the information, if obtained, would be relevant to his claims or would be capable of creating an issue of fact sufficient to withstand summary judgment.  Finally, despite Plaintiff's assertion that the material he seeks in discovery concerns new matters, he has failed to show that the requested materials actually contain new information that the Court has not previously addressed.  Finally, the Court notes that the discovery deadline expired in December 2004, *see*

---

[2] Plaintiff mischaracterizes Magistrate Judge Lowe's conclusion with regard to this issue. Magistrate Judge Lowe did not state that Plaintiff failed to file a response to Defendants' summary judgment motion.  In fact, he noted that Plaintiff opposed Defendants' motion.  *See* Report-Recommendation at 2.  What Magistrate Judge Lowe did say was that there was no indication on the Court's Docket that Plaintiff had filed a Rule 56(f) motion on or about July 1, 2005.  *See id.* at 37.  A review of the Court's Docket demonstrates that Magistrate Judge Lowe's statement is accurate – there is no entry on the Docket to indicate that Plaintiff filed such a motion.

Dkt. No. 71, and Plaintiff has had adequate time to collect the materials that he requests.

Accordingly, the Court adopts Magistrate Judge Lowe's recommendation and denies Plaintiff's

request to stay consideration of Defendants' motion for summary judgment pursuant to Rule

56(f).

## IV. CONCLUSION

Accordingly, after carefully reviewing Magistrate Judge Lowe's Report-Recommendation

and Plaintiff's objections thereto, the Court hereby

**ORDERS** that Magistrate Judge Lowe's July 13, 2006 Report-Recommendation is

**ACCEPTED IN ITS ENTIRETY**; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court

further

**ORDERS** that Plaintiff's motion to stay consideration of Defendants' motion pursuant to

Rule 56(f) of the Federal Rules of Civil Procedure is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendants and close

this case.

**IT IS SO ORDERED.**

Dated: September 21, 2007
       Syracuse, New York

_____

Frederick J. Scullin, Jr.
Senior United States District Court Judge